# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **LARRY DEPEW** | * | Civil Action No.: |
| 7906 Mattai Road | * | |
| Dundalk, Maryland 21222 | * | |
| *Resident of Baltimore County* | * | Collective Action Claim |
| | * | |
| and | * | |
| | * | Jury Trial Requested |
| **FRANCIS SPOKUS** | * | |
| 3313 Liberty Parkway | * | |
| Baltimore, Maryland 21222 | * | |
| *Resident of Baltimore County* | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | |
| **MOBILE DREDGING AND PUMPING** | * | |
| **COMPANY** | * | |
| 5111 North Point Boulevard | * | |
| Baltimore, Maryland 21219 | * | |
| | * | |
| Serve:  Resident Agent | * | |
| The Corporation Trust, Inc. | * | |
| 351 West Camden Street | * | |
| Baltimore, MD 21201 | * | |
| | * | |
| and | * | |
| | * | |
| **CARYLON CORPORATION** | * | |
| 2500 West Arthington Street | * | |
| Chicago, Illinois 60612 | * | |
| | * | |
| Serve:  Resident Agent | * | |
| Julius Hemmelstein | * | |
| 2500 West Arthington Street | * | |
| Chicago, Illinois 60612 | * | |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR WAGES OWED

LARRY DEPEW, and FRANCIS SPOKUS Plaintiffs, by and through their undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submit their Complaint against MOBILE DREDGING AND PUMPING COMPANY and CARYLON CORPORATION, Defendants, (hereinafter Defendants) to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq*. (hereinafter, "MWHL"), and three times the amount of unpaid wages, reasonable attorneys' fees and costs, and interest under the Maryland Wage Payment and Collection Act, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq*. (hereinafter "MWPCL")[1] and in support thereof, state as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from a common scheme devised by Defendants to avoid paying Plaintiffs and others similarly situated their wages owed. As described herein, Defendants are private organizations that provide sewer cleaning, dredging and hydro-blasting services. Defendants hired Plaintiffs and other similarly situated employees to work as "operators" cleaning up various types of environmental waste. However, Defendants failed to compensate Plaintiffs and others for all hours worked.

Defendants completed these illegal acts by not paying Plaintiffs and others similarly situated for the time they spent driving work trucks from the yard located in Baltimore, to jobsites in the Washington, DC area, then returning the work trucks back to the yard in Baltimore.

---

[1] The MWPCL claim only pertains to Frank Spokus and other members of the potential class who no longer work for Defendant, and does not apply to Larry Depew.

Plaintiffs and others were initially paid drive time, approximately forty (40) dollars per day. In August 2013, the payment for their drive time for the Washington, DC jobsites from the work yard in Baltimore was eliminated. Defendants claimed the change was not due to a change in job duties but because of budget issues. However, drive time for all other employees, and to all other jobsites in the Mid-Atlantic region were still paid.

Although Plaintiffs and others consistently drive Defendants work trucks from Baltimore to Washington, DC, beginning in August 2013, they were not paid for those hours. This prevented Plaintiffs from being compensated correctly for the approximately one hundred twenty (120) miles they drove Defendants vehicles regularly each day. Defendants were aware that Plaintiffs consistently drove to Washington, DC jobsites, and were not compensated for those hours.

Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiffs and others pursuant to the standards set forth by the FLSA, MWHL, and MWPCL. Upon information and belief, Defendants are still currently engaged in this unlawful activity.

## THE PARTIES

1. Plaintiff Larry Depew (hereinafter, "Depew") is an adult resident of Baltimore County, Maryland.

2. Plaintiff Francis Spokus (hereinafter, "Spokus") is an adult resident of Baltimore County, Maryland.

3. Defendant Mobile Dredging and Pumping Company (hereinafter, "Mobile" and/or "Defendant") is a private organization that provides sewer cleaning, dredging and hydro-blasting services in the Mid-Atlantic region. Mobile is subsidiary of the Carylon Corporation.

4. Defendant Carylon Corporation (hereinafter, "Carylon" and/or "Defendant") is a private organization that provides environmental cleaning and municipality maintenance services throughout the United States.

5. Due to the nature of their business, Defendants are subject to the FLSA, MWHL and MWPCL.

6. Due to the amount in revenues generated by Defendants, Defendants are subject to the FLSA, MWHL and MWPCL; Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

7. At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce by the nature of their duties performed as part of their employment with Defendants.

8. Plaintiffs worked for Defendants, who, at all times throughout Plaintiffs' employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d) and MWHL, § 3-401(b).

9. At all times relevant, Plaintiffs and others similarly situated worked as non-exempt employees for Defendants.

10. From approximately January 1, 2008 until April 15, 2013, then from August 25, 2014 until June 9, 2015, Plaintiff Depew was employed as an operator for Defendants. Plaintiff Depew is currently employed with Defendants.[2]

11. From approximately January 2010 to approximately April 2015, Plaintiff Spokus was employed as an operator for Defendants.

12. At all times relevant to this Complaint, Defendants controlled the administration of their business and set employee schedules, including Plaintiffs and other similarly situated employees' schedules.

---

[2] Plaintiff Depew is not currently working for Defendant due to an ongoing workers compensation claim.

13. Defendants were actively engaged in the management and direction of Plaintiffs and others.

14. Defendants possessed and exercised authority to determine the hours worked by Plaintiffs and others.

15. Defendants had the authority to control Plaintiffs' tasks and the tasks of others similarly situated.

16. Defendants had the power and authority to change the course of Plaintiffs and others' duties.

17. Plaintiffs and members of the putative class recognized Defendants' authority and obeyed Defendants' instructions.

18. Defendants made all decisions relating to Plaintiffs' rates and methods of pay.

## JURISDICTION AND VENUE

19. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

20. Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

21. Plaintiffs and others similarly situated are/were employed by Defendants to work as operators. During the course of their employment, Plaintiffs and others perform or performed duties relating to environmental clean up. This consists of operating pumping and dredging equipment, driving company vehicles, manual labor and other tasks related to waste water treatment.

22. Plaintiffs satisfied the requirements of their job and adequately performed their duties to benefit Defendants.

23. Mobile contracted to perform cleaning and maintenance work at the Blue Plains Advanced Waste Water Treatment Plant (hereinafter Blue Plains) beginning in November 2011.

24. From the start of the contract between Mobile and Blue Plains in approximately November 2011, until approximately August 2013, Plaintiff Depew was paid approximately two-hundred (200) dollars per week for his drive time for the round trip distance from the work yard in Baltimore to the Blue Plains facility where their primary contract was held[3]. From April 2013 until August 2013, and August 25, 2014 until June 9, 2015 Plaintiff Depew was not paid for drive time from Baltimore to Blue Plains, a total of approximately eighteen (18) months. However, all other employees in the company were paid for drive time from any yard to the location work was being performed.

25. From the start of the contract between Mobile and Blue Plains in approximately November 2011, until approximately August 2013, Plaintiff Spokus was paid approximately two-hundred (200) dollars per week for his drive time for the round trip distance from the work yard in Baltimore to the Blue Plains facility where their primary contract was held.. From approximately August 2013 until approximately April 2015, when Plaintiff Spokus left Mobile Dredging, he was not paid for drive time from Baltimore to Blue Plains, a total of approximately twenty (20) months. However, all other employees in the company were paid for drive time from any yard to the location work was being performed.

26. Subsequent to August, 2013, Defendants continued to pay all other workers for drive time for all other routes, except the Baltimore work yard to Blue Plains route.

---

[3] Plaintiff Depew did not work for Defendants from April 15, 2013 until August 25, 2014, due to a work related shoulder surgery. Payment for drive time to Blue Plains was stopped in August 2013 for the four (4) employees who commuted regularly from Baltimore, MD to Washington, DC.

6

27. If workers went from the Sparrows Point Location to Blue Plains, they were paid drive time, similar to all other workers in the company.

28. Due to the requirement that Plaintiffs pick up the work trucks in Baltimore, drive them to Washington, DC, then return them to the work yard each day, Plaintiffs often worked more than forty (40) hours in a workweek.

29. Prior to leaving the work yard each morning, Plaintiffs had to inspect each truck for any safety issues, load equipment onto the trucks, and prepare any materials that would be used throughout the day.  Plaintiffs were not permitted to leave the trucks at the work site, and had to bring them to the site each day work was being performed.

30. This additional time worked each day could total more than two (2) additional hours worked each day, along with any time worked beyond forty (40) hours on site.

31. During many pay periods, Plaintiffs and others worked well over forty (40) hours in a workweek.  For the majority, Plaintiffs consistently worked as many as sixty (60) hours per week.

32. These circumstances directly resulted in Plaintiffs and others being consistently denied overtime ("time and a half") pay.  More precisely, although Plaintiffs and others regularly worked fifty (50) hours each week, because they were only paid for forty (40) hours of work, Plaintiffs and others were repeatedly denied overtime compensation for the overtime hours they regularly worked.  Defendant failed altogether to compensate Plaintiffs for working these additional hours.

33. Throughout their employment, Plaintiffs repeatedly made Defendants aware of the issues regarding drive time and overtime pay for their route.  Defendants made no effort to remedy the situation.

34. There is no bona fide dispute that Plaintiffs and others are owed wages for the overtime hours worked. At no time did Plaintiffs' duties include work that would make them exempt from the FLSA, MWHL and MWPCL provisions requiring that they be paid for all hours worked.

35. Defendants enacted all of the practices discussed above in order to evade both Federal and Maryland wage laws. These practices directly resulted in Plaintiffs and others to not be paid correctly for all hours worked.

36. Defendants were well aware of the hours worked by Plaintiffs and others similarly situated.

37. Defendants' agents were, individually and together, actively engaged in the management and direction of Plaintiffs and others.

38. Defendants controlled and supervised the work performed by Plaintiffs; Defendants' agents were regularly present in Plaintiffs' work area.

39. Defendants consistently suffered or permitted Plaintiffs and others similarly situated to work more than forty (40) hours a week.

40. In bad faith, Defendants withheld wages owed to Plaintiffs and others similarly situated, even after Plaintiffs and others inquired about the wages missing from their paychecks. Plaintiffs made inquiries to their union, and those concerns were communicated to the Defendants.

41. Thus, Plaintiffs seek their wages owed and other available relief through this Complaint.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

42. Defendants employed Plaintiffs and others similarly situated to work as operators. In addition to the two (2) named Plaintiffs, there are other members that either work or worked for

Defendant. Upon information and belief, these members were subject to the same unlawful practices described within this Complaint.

43. The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated overtime wages for hours worked over forty (40) within a single workweek.

44. Defendant knew that Plaintiffs and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others to work more than forty (40) hours per week.

45. Defendant knew, or should have known, that Plaintiffs and those similarly situated were entitled to overtime payments for hours worked in excess of forty (40) in a workweek.

46. Pursuant to the FLSA, Plaintiffs commence this collective action against Defendant on behalf of themselves and those similarly situated for the payment of wages owed at an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

47. Plaintiffs consent to be party plaintiffs in this matter; Plaintiffs' consent forms are attached to this Complaint as Exhibits A and B.  It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

48. There are other similarly situated current and former employees of Defendant that have been harmed by Defendant's common scheme to underpay its employees and violate the FLSA.

49. These similarly situated persons are known to Defendant and are readily identifiable through Defendants' records.

50. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

51. Upon information and belief, others will choose to join Plaintiffs in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I. Violation of the FLSA: Failure to Pay Overtime Wages*
### *(Larry Depew, et. al. v. Mobile Dredging and Pumping Company)*

52. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

53. Plaintiffs are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

54. As described above, Plaintiffs have not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiffs for these additional hours.

55. Defendant willfully and intentionally failed to compensate Plaintiffs for the overtime wages they were owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for Defendant.

56. Under the FLSA, Plaintiffs are entitled to additional wages from Defendant to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count II.  Violation of the FLSA: Failure to Pay Overtime Wages*
### *(Larry Depew, et. al. v. Carylon Corporation)*

57. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

58. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

59. Plaintiffs have not received compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

60. Defendant willfully and intentionally did not compensate Plaintiffs for the overtime wages they were owed.  There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for Defendant.

61. Under MWHL, Plaintiffs are entitled to additional wages from Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count III.  Violation of MWHL: Failure to Pay Overtime Wages*
### *(Larry Depew, et. al. v. Mobile Dredging and Pumping Company.)*

62. Plaintiffs hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

63. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer

shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

64. Plaintiffs have not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

65. Defendants willfully and intentionally did not compensate Plaintiffs for the overtime wages they were owed.  There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for Defendants.

66. Under MWHL, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### *Count IV.  Violation of MWHL: Failure to Pay Overtime Wages*
### *(Larry Depew, et. al. v. Carylon Corporation)*

67. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

68. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

69. Plaintiff has not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

70. Defendants willfully and intentionally did not compensate Plaintiff for the overtime wages they were owed.  There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendants.

71. Under MWHL, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### *Count V. Violation of MWPCL: Failure to Pay Wages*
### *(Larry Depew, et. al. v. Mobile Dredging and Pumping Company)*

72. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

73. Plaintiff is entitled to wages under the Maryland Wage Payment Collection Act, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

74. Plaintiff has not received compensation from Defendants for all wages owed for work performed before the termination of his employment in accordance with §3-505(a).

75. Defendants willfully and intentionally did not compensate Plaintiff for the wages owed to him and continued to violate the MWPCL, even after Plaintiff informed Defendants of the violation.  Moreover, there is no bona fide dispute that Plaintiff is owed wages for work performed while employed by the Defendants.

### *Count VI. Violation of MWPCL: Failure to Pay Wages*
### *(Larry Depew, et. al. v. Carylon Corporation)*

76. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

77. Plaintiff is entitled to wages under the Maryland Wage Payment Collection Act, Labor and Employment §§3-501 *et. seq.*, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

78. Plaintiff has not received compensation from Defendants for all wages owed for work performed before the termination of his employment in accordance with §3-505(a).

79. Defendants willfully and intentionally did not compensate Plaintiff for the wages owed to him and continued to violate the MWPCL, even after Plaintiff informed Defendants of the violation. Moreover, there is no bona fide dispute that Plaintiff is owed wages for work performed while employed by the Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

b) Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by the FLSA;

c) Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by MWHL;

d) Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by MWPCL;

e) An award against Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and those similarly situated;

f) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

g)      An award for treble damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

h)      An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by Defendant;

i)      Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

j)      All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and those similarly situated.

Respectfully submitted,

_____/s/_____
Steven M. Lubar (29672)
slubar@nicholllaw.com
James A. Lanier (13789)
jlanier@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:   (410) 244-8454

*Attorneys for Plaintiffs*