IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY DEPEW, et al, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 15-3080-JMC |
| MOBILE DREDGING AND PLUMBING CO., et al, | * | |
| | * | |
| *Defendants*. | * | |
| | * | |

\* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On October 9, 2015, Plaintiffs Larry Depew and Francis Spokus filed this wage and hour collective action against their employers, Defendants Mobile Dredging and Plumbing Company ("Mobile") and Carolyn Company ("Carolyn"). (Compl., ECF No. 1.) Mobile, which provides sewer cleaning, dredging, and hydro-blasting services in the Mid-Atlantic region, is a subsidiary of Carolyn, which provides environmental cleaning and municipality services throughout the country. (Compl. ¶¶ 3-4.) Plaintiffs Depew and Spokus were employed as operators by Defendants at various points between January 2008 and June 2015. (Compl. ¶¶ 10-11.) Presently pending before the Court is Plaintiffs' Motion for Conditional Certification to Facilitate Identification and Notification of Similarly Situated Employees. (ECF No. 18.) On April 12, 2016 Defendants filed an untimely response in opposition to Plaintiffs' motion.[1] (ECF No. 19.) Plaintiffs did not file a reply brief, and the time for doing so has passed. No hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons set forth herein, Plaintiffs' motion is GRANTED.

---

[1] Although Defendants' motion was untimely filed, I will nevertheless briefly address the arguments set forth therein.

## I.  BACKGROUND

The dispute arises from alleged unpaid wages earned by Plaintiffs and other employees during their employment by Defendants.  In particular, Plaintiffs allege that Defendants failed to pay them for overtime hours they spent driving work trucks from Baltimore, Maryland to Washington, D.C. beginning in August 2013 in connection with a contract Defendants held to perform work at the Blue Plains Advanced Waste Water Treatment Plant ("the Blue Plains facility").  Plaintiffs contend that the time they spent driving the work trucks between Baltimore and Washington, D.C. resulted in them routinely working in excess of forty hours per week. Plaintiffs claim that Defendants' failure to pay them for those hours violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-201 *et seq.* ("MWPCL").

On March 26, 2016, Plaintiffs Depew and Spokus filed a "Motion for Conditional Certification to Facilitate Identification and Notification of Similarly Situated Employees," supported by a memorandum and declarations of Mr. Depew and Mr. Spokus.  (ECF No. 18.) Plaintiffs' motion seeks conditional certification of an FLSA collective consisting of employees of Defendants between August 2013 and the present, who worked as laborers and operators and drove Defendants' work vehicles from Sparrows Point in Baltimore City to the Blue Plains facility.  (Pls.' Mem. at 10.)

## II.  CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT

The FLSA permits plaintiffs to "maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216," *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008), which provides in pertinent part:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Section 216(b) establishes an "opt-in" scheme, "whereby potential plaintiffs must affirmatively notify the Court of their intentions to be a party to the suit."  *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)).  The FLSA certification process typically occurs in two stages.  First, at the "notice stage," the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members is appropriate."  *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citations and internal quotations omitted).  Second, at the "decertification stage," once discovery is closed, the court conducts a more stringent inquiry to determine whether the plaintiffs are in fact "similarly situated" as required by section 216(b) and to make a final determination regarding whether the case should proceed as a collective action.  *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (citations omitted).  Here, Plaintiffs seek conditional certification at the first stage and, if certification is granted, a window of time in which to submit a proposed notice to the Court for approval.

At the notice stage, conditional certification is appropriate where the plaintiffs make "a minimal evidentiary showing that [they] can meet the substantive requirements of 29 U.S.C. § 216(b)," that is, that they are "similarly situated."  *Rawls*, 244 F.R.D. at 300; *Camper*, 200 F.R.D. at 519.  A group of potential plaintiffs are "similarly situated" when they "together were victims of a common policy or scheme or plan that violated the law."  *Quinteros*, 532 F. Supp. 2d at 772 (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995)).  At the

notice stage, Plaintiffs need only make a "relatively modest factual showing that such a common policy, scheme, or plan exists," to establish that they are "similarly situated." *Butler*, 876 F. Supp. 2d at 566 (quoting *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006)). This showing may be made through affidavits or other means, but allegations in the complaint alone are insufficient. *Camper*, 200 F.R.D. at 519.

As noted, Plaintiffs seek conditional certification of a collective that includes individuals employed Defendants between August 2013 and the present, who worked as laborers and operators and whose responsibilities included driving Defendants' work vehicles from Sparrows Point in Baltimore City to the Blue Plains facility to perform environmental cleaning. In support of Plaintiffs' proposed collective, they have attached declarations of Mr. Depew and Mr. Spokus. (ECF Nos. 18-3, 18-4.)

Mr. Depew's declaration asserts that he was employed by Defendants from 2008 to present as a laborer, operator, and or foreman. (Depew Decl. ¶ 3.) Mr. Depew's work duties consisted of cleaning environmental waste at the Blue Plains facility in Washington D.C. (*Id.* ¶ 6.) Despite being scheduled to work forty hours per week, Mr. Depew consistently worked in excess of forty hours per week—typically working approximately fifty-five hours per week. (*Id.* ¶¶ 8-9.) Mr. Depew asserts that other laborers and operators employed by Defendants to perform work at the Blue Plains facility also consistently worked fifty five hours per week. (*Id.* ¶ 9.) A scheduled day of work for Mr. Depew consisted of performing certain pre-trip work at Defendants' Sparrows Point facility in Baltimore before driving Defendants' vehicles to the Blue Plains facility, and then upon completing work at the Blue Plains facility, driving Defendants' vehicles back to the Sparrows Point facility and performing certain post-trip work. (*Id.* ¶ 10.) However, Mr. Depew asserts that he was not compensated for all of the time he spent driving

Defendants' vehicles between the Sparrows Point and Blue Plains facilities. (*Id.* ¶ 14.)   Mr. Depew states that he is aware of approximately three current and/or former laborers and operators employed by Defendants who travel between the Sparrows Point and Blue Plains facilities. (*Id.* ¶ 13.)

Mr. Spokus' declaration asserts that he was employed by Defendants from 2011 to April 7, 2015, also as a laborer, operator, and/or foreman, and that his duties also consisted of cleaning environmental waste at the Blue Plains facility in Washington D.C. (Spokus Decl. ¶¶ 3, 6.) Like Mr. Depew, Mr. Spokus asserts that he and other employees typically worked about fifty-five hours per week, that he was required to perform certain pre- and post- trip work at the Sparrows Point facility, that he was required to drive Defendants' vehicles between the Sparrows Point and Blue Plains facilities, and that he was not compensated for all of the time he spent driving Defendants' vehicles between the Sparrows Point and Blue Plains facilities. (Id. ¶¶ 9-10, 14.) Mr. Spokus states that he is aware of approximately three current and/or former laborers and operators employed by Defendants who travel between the Sparrows Point and Blue Plains facilities. (Id. ¶ 13.)

Based on the declarations of Mr. Depew and Mr. Spokus, Plaintiffs have adduced evidence that other potential class plaintiffs may have been subject to a common scheme by which Defendants avoided compensating those employees for the time they spent driving Defendants' vehicles between Sparrows Point and the Blue Plains facility. The allegations in Mr. Depew's declaration are corroborated by those in Mr. Spokus' and vice versa, evidencing the existence of a common scheme or plan. Additionally, both Mr. Depew and Mr. Spokus indicate that there were several other employees of Defendants who drove Defendants' vehicles between the Sparrows Point and Blue Plains facilities. Accordingly, Plaintiffs have made the

5

relatively modest factual showing necessary to demonstrate that the potential class members are "similarly situated," and conditional certification is appropriate. I emphasize, however, that due to the narrow nature of Plaintiffs' allegations, the collective is limited to individuals employed by defendants between August 2013 and the present who drove Defendants' work vehicles from the Sparrows Point facility in Baltimore City to the Blue Plains facility in Washington, D.C.

Defendants argue that Plaintiffs have not established that they are "similarly situated" to other potential plaintiffs because their motion is supported only by the named Plaintiffs' declarations, which are unsubstantiated by any additional evidence. Defendants cite *Bouthner v. Cleveland Construction*, in which this Court declined to conditionally certify a collective action due to the insufficiency of the vague allegations and meager factual support in affidavits submitted by the named plaintiffs. No. 11-cv-0244-RDB, 2012 WL 738578 (D. Md. Mar. 5, 2012). In *Bouthner*, the Court emphasized that the plaintiffs' affidavits did not point to an "overarching policy," did not "identify which Defendant directed the overtime work," and did not "describe the nature of the work." *Id.* at * 5. Although Plaintiffs' motion here is supported only by the declarations of the named plaintiffs, those declarations are both detailed and narrowly drawn, and they point to a common scheme by which Defendants uniformly and routinely avoided compensating employees who drove vehicles to a particular work site for pre- and post- shift work that is described in detail. Accordingly, the evidence offered in support of Plaintiffs' request for conditional certification here is critically distinguishable from the vague allegations the Court confronted in *Bouthner*. Additionally, as this Court has repeatedly noted, while allegations in the complaint alone are insufficient to justify conditional certification, an adequate factual showing may be made by affidavit. *See e.g., Marroquin v. Canales*, 236 F.R.D. 257 (D. Md. 2006). Here, Plaintiffs' allegations have demonstrated a factual nexus connecting

them to the other potential plaintiffs in their proposed collective, such that they are "similarly situated," and conditional certification is appropriate.

Defendants also argue that Plaintiffs' motion should be denied because Plaintiffs have failed to show that there are other potential class members who desire to opt in.  Defendants cite several cases in support of this point, none of which are from this district.  As this Court has previously explained, "courts employ different standards to determine whether plaintiffs have made a sufficient showing to warrant court facilitated notice," *Camper*, 200 F.R.D. at 519, and this Court has consistently declined to impose the requirement Defendants suggest here, *Butler*, 876 F. Supp. 2d at 572 (citing *Mancia v. Mayflower Textile Servs. Co.*, No. 08-cv-273-CCB, 2008 WL 4735344, at *5 n.3 (D. Md. Oct. 14, 2008); *Quinteros*, 532 F. Supp. 2d at 772 n.5).

Finally, as noted above, the FLSA collective certification process occurs in two stages. Defendants will thus have an opportunity after the close of discovery to assert that the plaintiffs are not, in fact, "similarly situated," under the more stringent inquiry that applies at the decertification stage.

## III.   COURT FACILITATED NOTICE

Once the Court has granted conditional certification of the FLSA collective, it then must approve of the notice by which plaintiffs will inform potential members of the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate.  *See Butler*, 876 F. Supp. 2d at 574-75 (citations omitted).  Plaintiffs have not submitted a proposed notice with their motion and instead seek a seven day window in which to confer with counsel for Defendants in an effort to reach an agreement regarding the terms of the proposed notice.  Plaintiffs' suggested course of action is acceptable, and the parties are directed to confer and submit a joint proposed notice for court approval no later than May 20, 2016.  If

the parties are unable to agree upon a joint proposed notice, they are instead directed to submit individual proposed notices no later than May 20, 2016.

## IV.    CONCLUSION

For the reasons stated herein, it is hereby ORDERED that:

1.    Plaintiffs' Motion for Conditional Certification to Facilitate Identification and Notification of Similarly Situated Employees is GRANTED;

2.    Defendants shall produce to Plaintiffs no later than **May 27, 2016** a list of names and contact information (including the last known residential address, the last known work address, the last known phone number, and the last known email address), for individuals employed by Defendants between August 2013 and the present who drove Defendants' work vehicles from the Sparrows Point facility in Baltimore City to the Blue Plains facility in Washington, D.C.; and

3.    The parties shall submit for Court approval no later than **May 20, 2016** a joint proposed notice, or in the alternative individual proposed notices, by which potential plaintiffs will be apprised of their ability to opt-in to this action.

Dated: May 12, 2016                                       /s/
                                                J. Mark Coulson
                                                United States Magistrate Judge