IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| LARRY DEPEW, et al. | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 1:15-cv-03080 |
| MOBILE DREDGING & PUMPING CO., et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT

Plaintiffs, Larry Depew and Francis Spokus (hereinafter, "Plaintiffs") and Defendant, Mobile Dredging & Pumping Company (hereinafter, "Defendant"), (collectively hereinafter, "Parties"), hereby file the Parties' Memorandum in Support of their Joint Motion for Judicial Approval of Settlement in the above-captioned matter. In support of the Parties' Motion, the Parties respectfully request that this Honorable Court approve the settlement agreement that they have reached concerning Plaintiffs' lawsuit under the Maryland Wage Payment Collection Act (hereinafter referred to as "MWPCL").

The Parties seek this Court's approval of their settlement agreement. The MWPCL also provides that "if... a court finds that an employer withheld the wage of an employee ... the court may award the employee ... reasonable counsel fees and other costs." Consequently, Plaintiff's counsel is entitled to an award of reasonable attorney's fees and costs in this matter. In *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003), the Court clarified the issue of attorney's fees when it declared that the lodestar approach was the appropriate method to be used in Maryland Wage and Hour and Wage Payment laws. "Fee and cost awards must be fair and must fully compensate prevailing attorneys." *Martin v. Cavalier Hotel Corp.*, 48 F.2d 1343, 1359 (4th Cir.

4

1996) (quoting *Daly v. Hill*, 790 F.2d 1071, 1077-1078 (4th Cir. 1986)). The Parties state the following:

1. On or about October 9th, 2015, Plaintiffs filed their Complaint seeking relief and recovery against the Defendants for alleged violations of the overtime requirements of the FLSA. Plaintiffs' Complaint alleged during the relevant employment periods that they did not receive overtime compensation for all hours worked over forty (40) in a workweek.

2. From approximately 2008 until June 2015, Plaintiff, Larry Depew was employed with the Defendant. Mr. Depew held the positions of laborer and operator as an employee of the Defendant.

3. From approximately 2011 until April 2015, Plaintiff, Francis Spokus was employed with the Defendant. Mr. Spokus held positions of laborer and operator as an employee of the Defendant.

4. The Parties freely and voluntarily entered into settlement negotiations regarding the nature and extent of Plaintiffs' claims. The Parties also exchanged correspondence regarding Plaintiffs' claims and Defendants' defenses. During the settlement negotiations, the Parties engaged in settlement discussions concerning the Parties' positions on Defendant's practice of paying overtime, the number of overtime hours worked by Plaintiffs, Plaintiffs' entitlement to liquidated damages, and the amount of Plaintiffs' attorneys' fees to be recovered in settlement.

5. On June 30, 2017, the Parties conducted a settlement conference before United States Magistrate Judge Beth P. Gesner. During the settlement conference, lengthy discussions took place regarding the position of both Parties in reference to the method for calculating damages, in addition to the number of overtime hours worked and whether Plaintiffs were exempt from overtime compensation. Based upon the nature of the duties Plaintiffs performed, it

is Plaintiffs' position that they performed non-exempt work and that they should have received overtime compensation for all hours worked over forty (40) per workweek for the entirety of their employment period.

6. After lengthy settlement discussions, the Parties agreed to settle Plaintiff, Larry Depew's claim for eleven thousand one hundred twenty-two dollars ($11,122.00) and Plaintiff, Francis Spokus' claim for twenty-four thousand three hundred ninety-eight dollars ($24,398.00), which reflects payments for unpaid overtime wages.

7. Plaintiffs' and Defendant's counsel agreed to the sum of sixty-four thousand dollars ($64,000.00) to cover Plaintiffs' attorneys' fees and costs.

8. Based upon the information and documents exchanged between the Parties, the Parties believe that the offer of settlement is fair, reasonable and provides complete relief to Plaintiffs.

9. Complete relief renders a case moot, as recently recognized in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). *See also Simmons v. United Mortgage and Loan Investment, LLC*, 634 F. 3d 754 (4th Cir. 2011).

10. Plaintiffs' counsel's billing rates are in accordance with the local rules. Plaintiffs' counsel spent approximately 299.48 hours on the case. Of these, 207.33 hours are attributable to attorneys, Joseph E. Spicer, Esquire, James Lanier, Esquire and Steven M. Lubar, Esquire: [$400.00 (hourly rate) x 207.33 (hours)]. Plaintiffs' counsel's paralegals, Benjamin Brooks, Nathan Price, Tajuana Paige and Michael Brown, spent 92.15 hours in preparation of this matter [$150.00 (hourly rate) x 92.15 (hours)]. Plaintiffs' total attorneys' fees are ninety-six thousand, seven-hundred and fifty-six dollars and twenty-five cents ($96,756.25). The expenses and costs associated with Plaintiffs' claims totaled four thousand, one hundred and

ninety-eight dollars and twenty cents ($4,198.20). In consideration of the risks of litigation, the amount of fees in relation to the wages recovered, and the financial burden that the payment of total fees would place on the Defendant, Plaintiffs are willing to accept sixty-four thousand dollars ($64,000.00) in fees. The Parties request that the Court approve these fees.

11. The Parties proposed Settlement Agreement ("Agreement") is attached hereto as Exhibit A.

12. In the instant matter, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and settlement negotiations which transpired between the Parties directly; (ii) the Parties settled this matter only after hours of negotiation, information exchange and a review of governing precedent and throughout this litigation, Plaintiffs were represented by counsel who adequately protected their rights; (iii) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the MWPCL; and (iv) the Parties agree that the settlement is fair, just and adequate to settle Plaintiffs' claims.

13. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

14. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399 at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to

assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc.* v. *City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of his clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

15. Consistent with the language in the Agreement, Plaintiffs represent and agree that the settlement payments reflect just, adequate and complete compensation for all claims of purported wages owed giving rise to their Complaint and reflects compensation for all wages due to which Plaintiffs are entitled as a result of their former employment with the Defendant, such that Plaintiffs represent and agree that they are not entitled to any additional compensation of any sort from the Defendant related to the payment practices alleged in the Complaint.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement, and dismissing this action with prejudice. Counsel for the Defendant has authorized Plaintiffs' Counsel to file this Joint Motion and Proposed Order.

Respectfully Submitted,

| /s/ | /s/ |
|---|---|
| Joseph E. Spicer, Esquire #27839 | Zachary L. Erwin, Esquire #29045 |
| The Law Offices of Peter T. Nicholl | Anderson, Coe & King, LLP |
| 36 South Charles Street, Suite 1700 | 7 Saint Paul Street, Suite 1600 |
| Baltimore, Maryland 21201 | Baltimore, Maryland 21202 |
| Telephone No. (410) 244-7005 | Telephone No.: (410) 752-1630 |
| Fax No. (410) 244-8454 | Fax No.: (410) 752-0085 |
| E-mail: jspicer@nicholllaw.com | E-mail: erwin@acklaw.com |
| Attorney for Plaintiffs | Attorney for Defendant |

>              /s/
> _____
> John A. Scaldara, Esquire #00289
> Offit Kurman, P.A.
> 300 East Lombard Street, Suite 2010
> Baltimore, Maryland 21202
> Telephone No.: (443) 738-1581
> Fax No.: (410) 209-6435
> E-mail: jscaldara@offitkurman.com
> Attorney for Defendant