## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release (the "Agreement") between Larry Depew and Francis Spokus (hereinafter, referred to as "Plaintiffs") and Mobile Dredging & Video Pipe Inc. (hereinafter, referred to as "Mobile Dredging" and also referred to as "Defendant").[1] Plaintiffs and Defendant are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff filed a lawsuit on or about October 9th, 2015 against Defendant in the United States District Court for the District of Maryland, Civil Action No. 1:15-cv-03080 (the "Lawsuit"), in which Plaintiffs asserted claims of unpaid wages and that they were not properly compensated for all hours they worked arising under the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor § 3-501, et seq. (the "MWPCL"); and

WHEREAS, the Defendant has denied Plaintiffs' allegations and state that Plaintiffs have been paid properly for all hours worked; and

WHEREAS, the Parties have engaged in negotiations in an effort to settle the claims related to Plaintiffs' Lawsuit relating to or arising out of their employment with the Defendant; and

WHEREAS, the Parties have agreed to settle all claims in the lawsuit which have been brought by Plaintiffs against Defendant; and

WHEREAS, the Parties desire to document the terms of their compromise and settlement, with the Parties agreeing that Defendant admit no wrongdoing, fault, or liability whatsoever, and that nothing herein shall be construed or interpreted as an admission of any wrongdoing, fault or liability of Defendant;

NOW THEREFORE, in consideration of the mutual promises, covenants, and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

WHEREAS, the Parties desire to enter into this Agreement to resolve all issues related to Plaintiffs' Lawsuit.

NOW, THEREFORE in consideration of the mutual promises, covenants and conditions set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1. *Recitals.* The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. *Consideration.* In return for the promises in this Agreement, Defendant agree to pay Plaintiffs a total of ninety-nine thousand, five hundred twenty dollars ($99,520.00) to be distributed as follows:

---

[1] Defendant was previously incorporated as Mobile Dredging and Pumping Company, but changed its corporate name to Mobile Dredging & Video Pipe Incorporated effective October 31, 2016. Defendant was named as Mobile Dredging and Pumping Company for purposes of the Lawsuit.

1

EXHIBIT 1

a. The sum of eleven thousand one hundred twenty-two dollars ($11,122.00) shall be paid to Plaintiff Depew. The entire eleven thousand one hundred twenty-two dollars ($11,122.00) will be subject to deductions and withholdings and Plaintiff Depew shall receive an IRS Form W-2 reflecting this payment;

b. The sum of twenty-four thousand three hundred ninety-eight dollars ($24,398.00) shall be paid to Plaintiff Spokus. The entire twenty-four thousand three hundred ninety-eight dollars ($24,398.00) will be subject to deductions and withholdings and Plaintiff Spokus shall receive an IRS Form W-2 reelecting this payment;

c. The sum of sixty-four thousand ($64,000.00) dollars will be paid to the Law Offices of Peter T. Nicholl as counsel for Plaintiffs, and shall not be subject to any deductions or withholdings. The Law Offices of Peter T. Nicholl shall receive an IRS Form 1099 refelcting this payment. Plaintiff Depew and Plaintiff Spokus will receive an IRS Form 1099 reflecting equal shares of the fees.

d. The checks will be forwarded to counsel for Plaintiffs within thirty (30) calendar days after the Court enters an Order accepting the settlement and dismissal of this case. The payments shall be delivered to Joseph E. Spicer, at the Law Offices of Peter T. Nicholl, 36 South Charles Street, Suite 1700, Baltimore, Maryland 21201.

3. *No Consideration Absent Execution of this Agreement.* Plaintiffs understand that the Defendant will not be obligated to forward any Settlement Payment provided for in this Agreement unless and until the Parties sign this Agreement and agree to fulfill the promises contained herein.

4. *No Other Entitlement.* Plaintiffs acknowledge that they are not entitled to any compensation, benefits, or other payments except as set forth in this Agreement. Plaintiffs agree that they have been properly compensated for all hours worked and are not due any additional compensation under the Fair Labor Standards Act, Maryland Wage and Hour Laws and the Maryland Wage Payment Collection Act.

5. *General Release of Claims.* In consideration of the payments set forth above, Plaintiffs hereby release and forever discharge Defendant from any claim, demand, right, action or cause of action, of whatever nature or kind, in law, equity, administrative proceedings, or otherwise, whether based upon any law, statute, ordinance, rule, regulation, common law, or otherwise, or any entitlement to attorneys' fees, costs or expenses, and from any other matter under any other theory, whether known or unknown, suspected or claimed, liquidated or unliquidated, absolute or contingent, which arose or occurred at any time prior to the date Plaintiffs signed this Agreement, including, but not limited to, any claim, demand, right, or cause of action relating in any way to Plaintiffs' employment, or the termination thereof, by Mobile Dredging & Pumping Company. Without restricting the foregoing, this Release includes: (1) any claim brought under any federal, state, or local fair employment practices law, including, but not limited to: Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA); the Employee Retirement Income Security Act (ERISA), the Fair Labor Standard Act (FLSA) and the Equal Pay Act (EPA); (2) any claim brought under any state or federal law regarding wages, benefits, or employment practices; (3) any contract claims; (4) any intentional

or unintentional tort claims, including, but not limited to: defamation, libel, slander, abusive or wrongful discharge, fraud or misrepresentation; and (5) any claims alleging retaliation and/or any whistleblower claims. This release does not have any effect on the Defendant's obligations under this Agreement, any claims Plaintiffs are prohibited by law from waiving, or any right or claim that may arise after this Agreement is executed. For purposes of this paragraph, "Defendant" shall include Mobile Dredging & Pumping Company's affiliates, parents, subsidiaries, present and former officers, agents, directors, employees, shareholders and board members, and representatives or agents; and "Plaintiffs" shall include Plaintiffs' agents, representatives, successors, heirs and assigns.

6. *Governing Law and Interpretation.* This Agreement shall be governed in accordance with the laws of the State of Maryland.

7. *No Admission of Liability.* Plaintiffs expressly acknowledge and agree that this Agreement is not an admission of liability under any federal, state, or local statute, regulation, or ordinance, or breach of any contract, duty or obligation owed by Defendant to Plaintiffs and is not otherwise an admission by Defendant, and that Defendant does not admit but deny any violation of Plaintiffs' legal rights and that this Agreement is solely entered into by Defendant in order to avoid the inconvenience and costs of litigation of Plaintiffs' claims.

8. *Voluntary Agreement.* By voluntarily executing this Agreement, Plaintiffs confirms that they are relying upon their own judgment and the advice of their attorney and not on any recommendations or representations of the Defendant or any of their agents or representatives. By voluntarily executing this Agreement, Plaintiffs confirm their competence to understand and does hereby accept all terms and conditions of this Agreement as resolving fully all differences, disputes, claims, and potential claims between Plaintiffs and the Defendant.

9. *Amendment.* This Agreement may not be modified, altered, or changed except upon
express written consent of all Parties wherein specific reference is made to this Agreement.

10. *Entire Agreement and Enforcement.* The Parties agree that this Agreement shall be binding upon the assigns, heirs, executors, and administrators of Plaintiffs and the officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives of Defendant. The Parties agree that this Agreement supersedes all prior agreements between the Parties, and this Agreement constitutes the entire agreement between the Parties, and all previous discussions, promises, representations and understandings relating to the topics herein discussed are hereby merged into this Agreement. The Parties agree that there are no additional promises or terms among the Parties other than those contained or referred to herein and that this Agreement shall not be modified, waived or amended except in writing signed by each of the Parties.

11. *Severability.* Each provision of this Agreement shall be considered severable. If any provision contained herein is held to be void, illegal, or unenforceable, such illegality or unenforceability shall not affect any of the other provisions herein, and the remaining provisions of this Agreement will continue to be given full force and effect, unless the absence of that provision materially alters the rights and obligations of the Parties.

12. *Remedies for Breach.* In the event that any Party brings an action against the other Party based on any claim released by this Agreement, the Defendant may plead this Agreement in bar to any such action. Parties further acknowledge that the remedies at law for a breach or threatened breach of any of the provisions of this Agreement would be inadequate; in recognition of this fact, the Parties agree that in the event of a breach or threatened breach of this Agreement, in addition to any remedies at law, a Party, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, a temporary restraining order, a temporary or permanent injunction, or any other equitable remedy which may then be available.

13. *Section Headings.* The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

14. *Counterparts.* The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Settlement Agreement and Release of Claims related to Plaintiffs' Lawsuit as of the dates set forth below.

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**

Larry Depew ("Plaintiff")
By: _Larry Q. Depew_     Date: 7/19/17

Francis Spokus ("Plaintiff")
By: _[signature]_     Date: 7/25/17

Mobile Dredging & Pumping Company ("Defendant")
By: _[signature]_     Date: 8/2/17
Name: Jerry Vernal
Title: President